HOBART, Plaintiff in Review v. TILTON.

When a review is granted, pursuant to *Stat*. 1791. *ch*. 17. [*Revised Stat. ch.* 57.] the writ must be entered at the next following term, unless otherwise specially provided in the order of Court by which the review is granted.

The plaintiff in review, who resided in *Boston*, and was defendant in the original suit, filed his petition for review in the Supreme Judicial Court there, at *November* term 1819, and notice was ordered upon the defendant in review to shew cause at the next term in the same county, which commenced on the first Tuesday of *March* 1820. The act of Separation of *Maine* from *Massachusetts* took effect *March* 15, 1820, and provided that " the rights and liabilities of all persons, shall, after said sepa- " ration, continue the same as if the said District was still a part " of this Commonwealth, in *all suits pending*, or judgments re- " maining unsatisfied, on the fifteenth day of *March* next," &c. It appeared that the writ of review was granted at *March* term in *Suffolk* county, on the twenty-ninth day of the term, which happened on the 15th day of *April* 1820, and that it was sued out returnable at the Supreme Judicial Court in *this* county, *May* term 1821 ; one term having intervened between the granting and the suing out of the writ.

The writ was granted upon condition that the petitioner should file in the Clerk's office a bond conditioned to prosecute the action of review, and to respond and satisfy such judgment as the original plaintiff should finally recover against him. No bond, however, was filed *after* the grant of the writ ; but it appeared that a bond, *had been* filed *February* 4, 1820, containing a *prospective* condition to the same effect.

The writ was endorsed thus,—" *Wm. F. Hobart, by his Attorney Wm. Willis.*"

*Longfellow*, for the defendant in review, hereupon moved the Court to abate the writ for the following reasons :

1. It is not indorsed as the Statute requires. The plaintiff resides without the State, and in such case the *Stat.* 1784. *ch.* 28. requires that it be indorsed by some responsible person resident within the State, who shall be liable for the costs. But here the party originally liable is not the attorney, but the principal, so that the indorsement is as none.

2. It is sued out without authority. This is a writ granted not *ex debito justitiœ,* but *ex gratia* only ; and the terms on which it is granted ought therefore to be strictly complied with. One of these conditions is express, that the plaintiff in review *do* give bond ; yet here no bond was ever given *in pursuance* of the order of Court. Another condition is implied from the state of things then approaching. The writ ought to have been sued out before the Court awarding it lost its jurisdiction over the person of the defendant in review, by the separation of the State. If the action were to be tried here, and judgment be rendered against the plaintiff in review, it could not be executed in *Massachusetts,* not having been " pending" at the time of the Separation.

3. If regularly granted and sued out, it was not returnable at the proper term. Writs of this description ought to be sued out returnable at the first term after they are granted. Otherwise this mischief ensues ; that the plaintiff in review, having obtained a *supersedeas* of the execution against him, may choose his own time, when the witnesses against him are dead, or absent, or accommodated to his views, to obtain a reversal of any judgment however justly rendered.

*Whitman* and *Willis* for the plaintiff in review.

As to the first objection, the statute applies to the indorsement of *original writs only,* which this is not. It is a judicial writ, authorizing a revision of the former suit, upon the same pleadings ;—in which no amendment can be made, nor any new issue be joined. 7 *Mass.* 346. 10 *Mass.* 221. The cause is one and the same ; and the *original* writ, for there can be but one in a cause, is that which was entered in the Court below, and which alone is to be inspected to ascertain the nature and extent of the plaintiff's demand. It was doubtless so regarded by the Court who granted the present writ, as is evident from their requiring a *bond* for payment of costs.

But if this is an original writ, the indorsement is sufficient ; for the plaintiff living without the State, the attorney is originally liable, upon a reasonable construction of the Statute of 1784. *ch.* 28. which is a revision of the provincial *Stat.* 1 *Geo.* 1. *ch.* 1. in which this principle is clearly expressed. Indeed an

indorsement precisely in form like this was adjudged good in *Middlesex Turnpike Corporation v. Townsend,* 8 *Mass.* 266.

As to the want of authority ;—the condition of filing a bond was substantially complied with, the plaintiff in review having previously filed one with a condition prospective to the granting of the writ, and which furnishes a remedy sufficient to meet any state of facts which this case can present.

And the writ was sued out in due time. The statute imposes no limit of time in this particular ; and the Court have imposed none. Reasonable time is all which can be contended for; and if the plaintiff should unnecessarily delay, and thus abuse the privilege granted him, the Court would punish him by revoking the *supersedeas,* and issuing the execution. Now at the time of granting the writ, our civil institutions were unsettled by a great political revolution, the new Court was soon after created, and its terms fixed at periods to which the people were not accustomed. The delay of one term, therefore, seems not unreasonable for a party resident without the State, to become acquainted with our new regulations.

 *Emery* in reply.

The question arises upon the *eighth* of the terms and conditions in the act of Separation. The object of the first part of this condition was to protect the non-resident owners of lands or rights of property, from laws which might be passed making a difference between them and residents. It then provides that " the rights and liabilities of all persons shall, after the separa- " tion, continue the same as if the said District was still a part " of the Commonwealth." And if the sentence had stopped here, we should have derived but little benefit from the separa- tion. It was necessary to make a qualification of this very general introduction, and limit it to " all suits pending, or judg- " ments remaining unsatisfied on the fifteenth of *March* next, " where the suits have been commenced in *Massachusetts* Proper, " and process served within the District of *Maine,*" or *è converso,* " either by taking bail, making attachments, arresting and de- " taining persons, or otherwise, where execution remains to be " done ; and in such suits *the Courts within Massachusetts Proper* " *and within the proposed State, shall continue to have the same juris-* " *diction as if the said District had still remained a part of the*

Hobart *v.* Tilton.

" *Commonwealth.*" The most unexceptionable and safe con-
struction of this section is, that the Courts in *Maine* shall have
exclusive jurisdiction over suits pending in any county in *Maine,*
though the writ was served in *Massachusetts,* and the Courts in
*Massachusetts* shall have the like exclusive jurisdiction over
suits pending in any county in that Commonwealth, where the
service was made in *Maine.* It could not have been the design
of the law that *Massachusetts* should draw a cause from the State
of *Maine,* pending there, though served in *Massachusetts.* If
this had been attempted, the right would have ceased on the
fifteenth of *March ;* because, if the act had not taken place, this
Court could not have had jurisdiction under the former laws,
and therefore the grant of a review before *this* Court is not
within the terms of the act. The Supreme Judicial Court of
*Massachusetts* have not granted it to be heard before that tri-
bunal ; and *this* Court cannot have jurisdiction of the suit, be-
cause, if the State, formerly District, of *Maine* had still remained
a part of *Massachusetts,* this Court would have had no existence.

Nor is there any necessity for proceeding on this writ of re-
view. On the contrary this is the only Court to which an *orig-
inal* application for review of this cause should be presented.

The *Middlesex* case, cited on the other side, is not applica-
ble to the present, that being the case of a corporation, which
could act only by attorney, who must necessarily be personally
liable.

MELLEN C. J.—delivered the opinion of the Court as follows.

The question submitted is whether this action shall be sus-
tained or the writ abated for the reasons which have been
urged by the defendant's counsel.

We have no doubt that the Supreme Judicial Court of *Mas-
sachusetts,* had a right to grant the review, though after the fif-
teenth of *March,* 1820; inasmuch as the *petition* for the re-
view was pending in that Court on that day.—The act of Sepa-
ration provides that " all suits" thus pending, were to be heard
and determined by the Courts, in which they were then pending.
This petition was " *a suit,*" within the meaning of that provision.
The Court having a right to grant the review, the petitioner,
*Hobart,* had a right to the benefits of the grant by suing out

his writ of review in this county, where the judgment in the original action was rendered. But on consideration of the subject, we are of opinion that it was not sued out in due season, and therefore that the action is not regularly before us, and the writ must be abated.----The review was granted in *April*, 1820.----The first term of the Supreme Judicial Court in this county under the government of this State was holden on the fourth Tuesday of *August* following. Here was ample time for suing the writ, returnable at that term, instead of which it sued returnable at *May* term, 1821. A motion was then made and entered on the record for the dismissal of the action for the reasons which have been urged in argument: The defendant has therefore all advantages which he then had of the objections made.----By law a person has *three years* allowed him, within which he may petition for a review of an action in which judgment has been rendered against him.----He ought to be satisfied with this indulgence; and having obtained permission to review the cause, many reasons exist why he should not delay the service of the writ.----In the first place the opposite party cannot take depositions in the cause till *after* the service;---delay may operate essentially to his injury;----his witnesses may die or remove out of the county; the memory of facts may be gone, and unnecessary embarrassment and suspense be the consequence.---All these ought to be avoided.---Besides, if the service of the writ may be delayed to a *second* term, why not to a *third or fourth*, or as long as the party may incline to delay it? There is as much reason that the writ should be made returnable at the *first* term after the review is granted, as that a creditor of an insolvent estate whose claim has been rejected by commissioners, should commence his action at the next following term.—Such has always been the practice, and the law has been considered as requiring it.—The settlement of the estate ought not to be delayed.

A review *after* judgment is to supply the place of a *new trial before* judgment. When a new trial is granted at common law, the party obtaining it is always expected to be ready at the *next* term to proceed to trial: the same reason exists in case of review; and in neither case should further delay be granted unless obtained on motion in open Court in the usual man-

ner.—There may be circumstances at the time of granting a review, which would render it *impossible, or extremely incon-venient,* to sue out the writ of review at the *next term*; as where the review is granted in a county at a distance from that where the writ must issue and be served: though such cases would very rarely occur. When they do occur, the Court, when granting the review, would authorise it to be sued out at the *second* term, by way of exception from the general rule.

It is therefore to be understood that when a review is grant-ed, pursuant to our statute, the writ must be entered at the next following term; unless otherwise specially provided in the or-der of Court by which the review is granted.

This opinion renders it unnecessary to decide upon the ob-jection which has been made to the indorsement of the writ.

*Writ abated.*